UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MCGLYNN,<br><br>                              Plaintiff,<br><br>- against –<br><br>ASSOCIATED NEWSPAPERS (U.S.A.) LIMITED<br><br>                              Defendant. | Docket No. 1:21-cv-08910 |

## COMPLAINT

Plaintiff David McGlynn ("Plaintiff") by and through his undersigned counsel, as and for his Complaint against defendant Associated Newspapers (U.S.A.) Limited ("Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of the Holland Tunnel in New York City. The photograph is owned and registered by Plaintiff, a New York-based professional photographer. Accordingly, Plaintiff seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. McGlynn is a professional photographer having a usual place of business at 710 W. 173rd St., Apt. B, New York, NY 10032.

6. Upon information and belief, Defendant is a foreign business corporation duly organized and existing under the laws of United Kingdom with a principal place of business at 51 Astor Place, New York, New York 10003.

7. At all times material hereto, Defendant has owned and operated a website at the URL: www.dailymail.co.uk.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

8. Plaintiff photographed the Holland Tunnel (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. Plaintiff then licensed the Photograph to the New York Post.

10. On December 11, 2018, the New York Post published an article on-line entitled "Holland Tunnel's holiday decorations are 'OCD Nightmare'". The New York Post article prominently featured the Photograph, which was attributed to Plaintiff in the form of a "gutter credit." A true and correct copy of the New York Post article is attached hereto as Exhibit B.

11. Plaintiff is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

12. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-134-072, effective as of January 14, 2019 (the "072 Registration"). A true and correct copy of the 072 Registration is attached hereto as <u>Exhibit C</u>.

**B.    <u>Defendant's Infringing Activities</u>**

13. On or about December 18, 2018, Defendant published the Photograph on the Website as part of an article entitled "*Port Authority moves Holland tunnel wreaths due to public outcry*" (the "Infringing Article"). A screen shot of the relevant portion of the Infringing Article displaying the Photograph is attached hereto as <u>Exhibit D</u>.

14. Defendant did not license the Photograph from Plaintiff for its article, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on its Website.

15. Upon information and belief, Defendant removed Plaintiff's gutter credit from the article on its Website and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT)**
(17 U.S.C. §§ 106, 501)

16. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-15 above.

17. Defendant infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website.

18. Defendant is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

19. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

20. Upon information and belief, the foregoing acts of infringement by Defendant have been willful or in reckless disregard of Plaintiff's rights.

21. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

22. Alternatively, Plaintiff is entitled to statutory damages for Defendant's willful infringement of the Photograph pursuant to 17 U.S.C. § 504(c).

23. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

24. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION)**
**(17 U.S.C. § 1202(b)(3))**

25. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-24 above.

26. When the Photograph was published in an article in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b)(3).

27.     Upon information and belief, Defendant copied the Photograph from the New York Post which had copyright management information and pasted it on the Website.

28.     Upon information and belief, Defendant knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

29.     Upon information and belief, Defendant's removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

30.     Defendant also knew, or should have known that alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the Photograph.

31.     As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages, that she/he sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

32.     Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant be adjudged to have removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or (b) alternatively, statutory damages per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: New Rochelle, New York
October 30, 2021

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman
James H. Freeman
1333A North Ave., Ste. 762
New Rochelle, New York 10804
Tel: (516) 233-1660
JF@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*David McGlynn*